Kenneth A. Goldberg, Esq. (KG 0295)
**GOLDBERG & FLIEGEL LLP**
60 East 42nd Street, Suite 3421
New York, New York 10165
(212) 983-1077
Attorneys For The Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

LEON BABAKHAN,                              :

        Plaintiffs,                :         **COMPLAINT AND JURY DEMAND**

    - against -                            :         **JURY TRIAL DEMANDED**

UBS SECURITIES, LLC AND UBS                 :
INVESTMENT BANK
                                            :
        Defendants.
                                            :

- - - - - - - - - - - - - - - - - x

## NATURE OF THE ACTION AND THE PARTIES

1.  This is an action to redress unlawful discrimination and harassment based on religion, national origin, race and color, unlawful retaliation, and unlawful employment practices, under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, as amended ("Section 1981"), 42 U.S.C. § 1981 *et seq.*, the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Law, (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

2.  Plaintiff Leon Babakhan ("Mr. Babakhan") is an adult male, residing in Rego Park, New York.

3. Defendants UBS Securities, LLC and UBS Investment Bank are entities with a business address in New York, New York. Those entities are individually and collectively referred to herein as "Defendants", "UBS" and the "Company." According to Defendants, UBS Securities, LLC is a broker-dealer within UBS Investment Bank.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' claims pursuant to Title VII, 42 U.S.C. § 2000e-5(f), Section 1981, 42 U.S.C. §§ 1981, 1981a, 1988, 28 U.S.C. §§ 1331, 1343, 1367(a) and 2201.

5. Venue is proper in this district pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. § 1391.

6. Plaintiff filed a timely charge of discrimination, harassment and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"). On or about July 29, 2008, the EEOC issued a Notice of Right To Sue letter, which upon information and belief was mailed by EEOC on or about July 30, 2008, and which Mr. Babakhan received thereafter.

7. Plaintiff mailed a copy of this Complaint to the New York City Commission Of Human Rights and the New York City Corporation Counsel.

8. Plaintiff filed this lawsuit in a timely fashion and satisfied all of the statutory prerequisites to filing same.

9. Plaintiff seeks an award of appropriate relief.

## FACTS

10. Mr. Babakhan is Jewish. He was born in Russia and is of Russian National Origin, heritage and ancestry.

11. Mr. Babakhan is a former employee of the Company. He was employed by the Company as a Technical Support Analyst from October 9, 2006 until October 26, 2007, when he was unlawfully constructively discharged.

12. At all times, Mr. Babakhan was fully qualified for his position.

13. From 2006 through about July 2007, Mr. Babakhan's immediate supervisor was Stephanie Sutton, Support Manager. Ms. Sutton was fully satisfied with Mr. Babakhan's job performance.

14. Defendants unlawfully discriminated against Plaintiff regarding compensation, terms, conditions and privileges of employment, and employment opportunities, unlawfully harassed him, and unlawfully constructively discharged him, and unlawfully retaliated against him, because of his religion, national origin, race and color, and because he opposed, objected to and complained of discrimination ("protected activities").

15. During Mr. Babakhan's employment, he was the victim of repeated and ongoing discrimination, harassment and retaliation by Scott Morrison, Director.

16. Mr. Morrison is not Jewish and he is not Russian. Mr. Morrison, as a Director with Defendants, was a member of management and had authority to hire and fire employees and/or to recommend same. He was the immediate supervisor of Ms. Sutton.

17. Mr. Morrison repeatedly discriminated against Mr. Babakhan because of religion, national origin, race and color.

18. The discrimination, harassment and retaliation included, among other items, verbal harassment, denial of equal terms, conditions and privileges of employment, and employment opportunities, and abusive and demeaning treatment. The unlawful conduct culminated with unlawful constructive discharge.

19. For example, Mr. Morrison repeatedly made discriminatory comments about Mr. Babakhan's religion, national origin, race and/or color. Some examples are listed below.

20. Mr. Babakhan needed a day off on Saturday, April 14, 2007, just after the Jewish Holiday of Passover. Mr. Morrison said "another Jew holiday" and "is it another Jewish holiday."

21. In or about May 2007, Mr. Morrison said "All you Russians stick together."

22. In or about May 2007, Mr. Babakhan needed a day off to care for his sick child. Mr. Morrison told him to work from home. Mr. Babakhan said that would be difficult. Mr. Morrison said "here you go again (meaning Russians), trying to get a freebee."

23. In or about late May 2007, Mr. Babakhan asked if anyone owned an IPOD charger that had been on a shelf for weeks and which was apparently abandoned. Mr. Morrison said that Russians like and will take "anything that's free."

24. In or about July 2007, Mr. Babakhan and a Russian co-worker were having lunch and speaking in Russian. Mr. Morrison said that this is the United States of America and that they should speak English.

25. In or about August 2007, Mr. Morrison made comments when Mr. Babakhan took his vacation, improperly seeking to force Mr. Babakhan to work during his vacation.

26. In or about September 2007, Mr. Morrison said "All you Russians stick together", "I know you Russia Mafia in UBS stick together", and "you guys have a little clique down here."

27. In or about mid to late September 2007, Mr. Morrison told Mr. Babakhan that he didn't trust him or his judgment. Mr. Babakhan asked for an explanation. Mr. Morrison essentially told Mr. Babakhan not to question his "fucking decisions."

28. Mr. Babakhan was treated differently than persons outside his protected class who were not subjected to the same type of discrimination, harassment and retaliation.

29. Mr. Morrison's ongoing unlawful conduct created an intolerable hostile working environment and, based upon that conduct and Mr. Morrison's statements, Mr. Babakhan understood

that Mr. Morrison would not allow him to advance at the Company.

30. The above incidents are just a few examples of many incidents of discrimination and harassment committed against Mr. Babakhan. Mr. Morrison repeatedly engaged in the unlawful discrimination and harassment and incidents of such unlawful conduct occurred at least weekly.

31. Mr. Babakhan opposed, objected to and complained about the conduct. The unlawful conduct was ongoing, unwelcome and offensive and occurred against Mr. Babakhan's will and over his objections and complaints.

32. Mr. Babakhan made it absolutely clear to Mr. Morrison that his conduct was unwelcome, offensive, discriminatory and harassing. The Company failed and refused to take any remedial action, failed to end the unlawful conduct, and the unlawful conduct continued and escalated throughout Mr. Babakhan's employment. Mr. Morrison, by his unlawful conduct, created an intolerable hostile working environment for Mr. Babakhan.

33. In October 2007, Mr. Babakhan was unlawfully constructively discharged.

34. Mr. Babakhan had an "exit interview" with UBS and, at that time, UBS asked him to complete certain forms. At that time, Mr. Babakhan again engaged in protected activity, complaining about Mr. Morrison's unlawful conduct in writing.

35. UBS asked Mr. Babakhan to state a "Reason for leaving."

Mr. Babakhan wrote: "Hostile working conditions, which lead to interference of work duties and lack of advancement."

36. UBS asked Mr. Babakhan to state "Was there anything that UBS could have done to change your mind about resigning?" Mr. Babakhan wrote, among other items, "Offer me a position in a different group, under a different manager."

37. UBS asked Mr. Babakhan to state "Do you have any ideas or recommendations for improvements for your group or UBS?" Mr. Babakhan wrote "Change the manager. He does not have the ability to lead this group."

38. UBS asked Mr. Babakhan to state "Additional Comments." Mr. Babakhan wrote: "My manager (Scott) has made several remarks which were inappropriate. I felt I had no room to grow, because of his remarks, which portrayed bigotry."

39. UBS knew or should of known of the unlawful conduct, but failed to take appropriate remedial action and failed to put a stop to the unlawful conduct. UBS did not take adverse action against Mr. Morrison. UBS never interviewed Ms. Sutton about it.

40. Simply put, during Plaintiff's employment, he was repeatedly harassed and discriminated against based on religion, national origin, race and color. Plaintiff was also denied equal compensation, terms, conditions and privileges of employment, and employment opportunities.

41. Plaintiff opposed, objected to and complained about the

conduct. However, Defendants failed to take appropriate remedial action and failed to put an end to the unlawful conduct and it continued throughout Plaintiff's employment. Defendants retaliated against Plaintiff and unlawfully constructively discharged him for objecting to, opposing and/or complaining about unlawful discrimination and harassment.

42. Defendants unlawfully discriminated against Plaintiff, harassed him, unlawfully constructively discharged him, and unlawfully retaliated against him, because of his religion, national origin, race and color, and because he opposed, objected to and/or complained about discrimination.

43. The discrimination and harassment was severe and pervasive, adversely affected the terms, conditions and privileges of Plaintiff's employment, resulted in adverse tangible employment actions, and created a hostile, offensive and abusive work environment.

44. Tolerance of unlawful discrimination and harassment was a term and condition of Plaintiff's employment, and he suffered adverse tangible employment actions because he refused to acquiesce to that conduct and protested such conduct.

45. Accordingly, Plaintiff has also been the victim of "quid pro quo" harassment.

46. Defendants' proffered reason for the conduct was a pretext for unlawful discrimination, unlawful constructively

discharge and unlawful retaliation.

47. Defendants' conduct constituted unlawful discrimination, harassment and retaliation.

48. Defendants' unlawful conduct was intentional and was carried out with malice or reckless indifference to Plaintiffs' protected rights to be free from unlawful discrimination, harassment and retaliation.

49. Defendants knew or should have known of the unlawful discrimination, harassment and retaliation against Plaintiffs.

50. Defendants authorized unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiff and the employees who engaged in such unlawful conduct were unfit and Defendants were reckless and/or negligent in employing them.

51. Defendants failed to exercise reasonable care to prevent and correct unlawful discrimination, unlawful harassment and unlawful retaliation against Plaintiff.

52. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled, supported, ratified, approved, condoned and/or coerced the unlawful conduct alleged herein.

53. Upon information and belief: (a) Defendants discriminated against and/or harassed other employees; (b) one or more other employees opposed, objected to and/or complained about discrimination and/or harassment; and (c) Defendants retaliated

against one or more other employees who objected to, opposed and/or complained about discrimination and/or harassment.

54. As a result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, among other items, substantial damages, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation.

55. Defendants engaged in a continuing violation of law.

56. Plaintiff is entitled to the relief sought herein.

### COUNT ONE

### (TITLE VII)

57. Plaintiff repeats and realleges every allegation in paragraphs 1 through 56 of this Complaint with the same force and effect as though fully set forth herein.

58. This Count is brought under Title VII, 42 U.S.C. § 2000e et seq. and reference is made to Title VII in its entirety and to 42 U.S.C. §§ 2000e, 2000e(b), 2000e(f), 2000e-2(a), 2000e-3(a), 2000e-5(g), 2000e-5(k), and 42 U.S.C. § 1981a.

59. At all relevant times, the Company was an "employer" within the meaning of Title VII.

60. At all relevant times, Plaintiff was an "employee" within the meaning of Title VII.

61. Defendants' conduct, as alleged herein, constituted

-10-

unlawful employment practices and unlawful discrimination on the basis of religion, national origin, race and color, in violation of Title VII.

62. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of Title VII.

63. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination, harassment, and retaliation.

64. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation, lost wages/bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the Company under Title VII.

65. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from the Company under Title VII.

## COUNT TWO

### (SECTION 1981)

66. Plaintiff repeats and realleges every allegation in paragraphs 1 through 65 of this Complaint with the same force and effect as though fully set forth herein.

67. This Count is brought under Section 1981, 42 U.S.C. § 1981 et seq. and reference is made to Section 1981 in its entirety and to 42 U.S.C. §§ 1981, 1981a, 1988, 1988(b).

68. Defendants' conduct, as alleged herein, constituted unlawful discrimination against Plaintiff in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," in violation of Section 1981.

69. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the Section 1981.

70. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's rights to be free from discrimination and retaliation.

71. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation, lost wages/bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees

and costs from Defendants under Section 1981.

72. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from Defendants under Section 1981.

### COUNT THREE

### (NYSHRL)

73. Plaintiff repeats and realleges every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as though fully set forth herein.

74. This Count is brought under the NYSHRL, N.Y. Exec. L. § 290 *et seq.* and reference is made to the NYSHRL in its entirety and to N.Y. Exec. L. §§ 292, 292(1), 292(5), 292(6), 296, 296(1), 296(1)(a), 296(1)(e), 296(3-a)©, 296(6), 296(7), 297(9).

75. At all relevant times, Defendants were an "employer" within the meaning of the NYSHRL.

76. At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL, and a "person" within the meaning of the NYSHRL.

77. Defendants' conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on

-13-

the basis of religion, national origin, race and color, in violation of the NYSHRL.

78. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYSHRL.

79. Defendants are liable for the unlawful conduct herein both as an "employer" under NYSHRL § 296(1) and under the "aiding and abetting" provision of NYSHRL § 296(6).

80. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation, lost wages/bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, from Defendants under the NYSHRL.

81. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from Defendants under the NYSHRL.

### COUNT FOUR

### (NYCHRL)

82. Plaintiff repeats and realleges every allegation in paragraphs 1 through 81 of this Complaint with the same force and

effect as though fully set forth herein.

83. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 *et seq.* and reference is made to the NYCHRL in its entirety and to N.Y.C. Admin. Code §§ 8-102, 8-102(1), 8-102(5), 8-102(17), 8-107, 8-107(1), 8-107(1)(a), 8-107(6), 8-107(7), 8-502.

84. At all relevant times herein, Defendants were an "employer", "covered entity" and a "person" within the meaning of the NYCHRL.

85. At all relevant times herein, Plaintiff was a "person" within the meaning of the NYCHRL.

86. Defendants' conduct, as alleged herein, constituted "unlawful discriminatory practices" and unlawful discrimination on the basis of religion, national origin, race and color, in violation of the NYCHRL.

87. Defendants' conduct, as alleged herein, constituted unlawful retaliation in violation of the NYCHRL.

88. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination and harassment, and retaliation.

89. Defendants are liable for the unlawful conduct herein both as an "employer" under NYCHRL § 8-107(1) and under the "aiding and abetting" provision of NYCHRL § 8-107(6).

-15-

90. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation, lost wages/bonuses, lost benefits, lost interest and attorneys' fees and costs.

91. As a further result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from Defendants under the NYCHRL.

92. Plaintiff is entitled to recover monetary damages and other damages and relief, punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows on Counts One to Four:

(A) On Count One, enter a judgment declaring the acts and practices of Defendants to be in violation of Title VII;

(B) On Count One, award Plaintiff as against Defendants reinstatement and the amount of wages, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(C)  On Count One, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(D)  On Count One, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(E)  On Count One, award Plaintiff as against Defendants punitive damages;

(F)  On Count One, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees;

(G)  On Count Two, enter a judgment declaring the acts and practices of Defendants to be in violation of Section 1981;

(H)  On Count Two, award Plaintiff as against Defendants reinstatement and the amount of wages, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(I)  On Count Two, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

-17-

(J)  On Count Two, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(K)  On Count Two, award Plaintiff as against Defendants punitive damages;

(L)  On Count Two, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees;

(M)  On Count Three, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL;

(N)  On Count Three, award Plaintiff as against Defendants reinstatement and the amount of wages, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(O)  On Count Three, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(P)  On Count Three, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of

enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(Q) On Count Four, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL;

(R) On Count Four, award Plaintiff as against Defendants reinstatement and the amount of wages, bonuses, benefits, and interest lost as a result of Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(S) On Count Four, award Plaintiff as against Defendants consequential damages for losses resulting from Defendants' unlawful discrimination, unlawful harassment and unlawful retaliation;

(T) On Count Four, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses;

(U) On Count Four, award Plaintiff as against Defendants punitive damages;

(V) On Count Four, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees; and

(W) Grant Plaintiff such other and further relief as may be necessary and proper.

### JURY DEMAND

Plaintiff demand a jury trial for all issues triable.

Dated:     New York, New York
           October 24, 2008

                          GOLDBERG & FLIEGEL LLP

                    By: _____
                          Kenneth A. Goldberg (KG-0295)

                          60 East 42nd Street, Suite 3421
                          New York, New York 10165
                          (212) 983-1077

                          Attorneys for Plaintiff